Nemesio Rivera, Plaintiff and Appellant, *v.* Ana María Torres, Defendant and Appellee.

No. 8044.   Argued April 19, 1940.—Decided April 26, 1940.

*Adolfo García Veve* for appellant.   *L. Mendín Sabat* for appellee.

Mr. Justice Travieso delivered the opinion of the court.

In a divorce proceeding pending between the parties, the defendant wife moved for an order directing her plaintiff husband to pay her during the pendency of the suit $30 a month as alimony and $50 for attorney's fees. The plaintiff alleged in opposition that he was only earning $12 a month as shop clerk and that, notwithstanding his precarious circumstances, he had been paying his wife and daughter one dollar weekly besides paying for clothes and medicines for his daughter.

It does not appear from the record before us that any hearing was held in order to determine the sum that the plaintiff husband could and should pay to his wife as alimony. On September 8, 1938, the District Court of Humacao made an order directing the plaintiff to pay to the

defendant $15 a month as alimony *pendente lite* and to deposit in the office of the clerk of the court $50 for attorney's fees with the warning that noncompliance with said order would be punished as contempt of court and would bring about the stay of the divorce proceedings. On September 19, 1938, the plaintiff moved for a reduction of the sum for alimony to $8 a month, and that the attorney's fees be fixed at a sum in harmony with the difficult financial circumstances of the plaintiff. On November 4, 1938, the lower court made a new order reducing the amount for alimony to $10 monthly and leaving standing that part of its former order regarding the fees for the attorney.

On April 28, 1939, acting upon a complaint from the defendant that the plaintiff had deposited only $4 on account of the sum for alimony due on the 19th of said month, the court summoned the plaintiff to appear and show cause why he should not be punished for contempt. The plaintiff appeared and stated that he had been without work for eight or ten months; that his trade is that of shop clerk and that when he works he makes from $12 to $15 monthly; that he has tried to find work but without success; that during six or eight months he was able to pay to his wife the sum ordered by the court because his father was working and used to give him the money for the same; that his father was working with the P.R.R.A., but that he had been without work for the last two months; that he owns no property; that he lives with his parents; that his father pays for his clothes and footwear; that he borrowed the $4 which he brought into court; that he would like to comply with the order of the court and that he is unable to do so. Plaintiff's father testified and corroborated the statements made by his son in every respect. Upon being asked whether she desired to say anything, the defendant confined herself to say that the plaintiff said that he was without work so as not to be compelled to pay alimony, but that he actually was working, although she did not state where.

The lower court convicted the plaintiff of contempt and sentenced him to a $5 fine or to imprisonment in default of payment. The plaintiff took the present appeal on the ground that there is no evidence to justify the judgment appealed from.

The appellant is right. It clearly appears from the evidence that he was not in such financial circumstances as to enable him to pay alimony to the defendant, nor to pay her any amount for attorney's fees. The doctrine laid down in *Quiñones* v. *District Court,* 54 P.R.R. 178, is applicable to the case at bar. The proved inability of the appellant to comply with the order of the court owing to his financial circumstances ought to have been sufficient ground, in our opinion, to exonerate him from the charge of contempt on which he was convicted.

The order appealed from must be reversed, without prejudice to the right of defendant wife to renew her petition should the financial circumstances of plaintiff improve.